IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHANCE EDWARD BLACK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 7:06-CV-75 (HL) |
| JAMES DONALD; JAMES CAMON; MOSES DANIELS; RUSSELL ZIRKLE; GAIL MURRAY; JOE CALLAGHAN; JAMES AKINS; FREDA LEWIS; BRENDA WRIGHT; ARTIS CARTER; DELEESE COLLINS; MARY ALLEN; GREG BROWN, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants | : | **O R D E R** |

Plaintiff **CHANCE EDWARD BLACK**, an inmate at the Robert L. Patten Probation Detention Center in Lakeland, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee of $12.27 as ordered by the Court on August 15, 2006.

Plaintiff initiated this action by filing a 42 U.S.C. § 1983 complaint, along with an attached twenty-seven (27) page "exhibit" in which he makes numerous allegations against the thirteen named defendants. Petitioner claims that various defendants employed at the Robert L. Patten Probation Detention Center in Lakeland, Georgia have violated his freedom of speech, freedom of press, access to courts, equal protection rights, and freedom of religion. Petitioner states that he has been discriminated against, retaliated against, and sexually harassed while at this facility.

Next, plaintiff asserts that various defendants at the Southwest Probation Detention Center in Moultrie, Georgia have violated his freedom of speech, right to due process, access to courts, and equal protection rights. Plaintiff states that these defendants have retaliated against him, deprived

him of property, and threatened him.

First, the Court finds that plaintiff has failed to comply with Fed. R. Civ. P. 8, which requires a civil complaint filed in this Court to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks."

Second, the Court finds and advises Plaintiff that he may set forth only related claims in one civil rights complaint.  He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff has failed to show a "logical relationship" between his separate allegations and claims relating to the Robert L. Patten Probation Detention Center and those relating to the Southwest Probation Detention Center.  Accordingly, the Court will not allow the joinder of these unrelated claims.  Plaintiff must decide which claims he wishes to pursue in this action - those against officials at the Robert L. Patten Probation Detention Center or those against officials at the Southwest Probation Detention Center.

Plaintiff is **ORDERED** to file a **recast complaint** in this case.  In this recast complaint, plaintiff is **DIRECTED** to indicate to this Court which facility (either Robert L. Patten Probation Detention Center or the Southwest Probation Detention Center) shall be the subject of this lawsuit.[1] The recast complaint **shall be in place of and substituted for the complaint, and all attachments and documents heretofore filed**.  Said recast complaint shall consist of a completed new § 1983 form (attached to this Order), along with **NO MORE THAN TEN (10)** additional pages.  **No attachments shall be filed with the recast complaint.**

---

[1] Plaintiff may submit a separate civil rights complaint for his claims arising at the other facility.

The recast complaint must contain a caption that clearly identifies, by name, each individual that plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must name each individual defendant herein in both the caption and the body of his recast complaint. Plaintiff may not rely on the fact that individuals are named in the body of the complaint, or in exhibits or separate motions, as a means of including them as defendants herein.

As to each individual defendant so named, plaintiff shall make **brief** factual recitations of the specific actions or omissions of said defendant (including dates, if possible) which allegedly were in violation of plaintiff's constitutional rights.

Plaintiff shall be given until October 12, 2006 to submit a recast complaint to the Clerk of Court. His failure to comply with this Order within this time period, or to explain his inability to comply, may result in the dismissal of this action in accordance with the standards of 28 U.S.C. §§ 1915A and 1915(e)(2).

The Clerk of Court is directed to forward a 42 U.S.C. § 1983 complaint form to plaintiff.

There shall be no service of process on any defendant until further Order of the Court.

**SO ORDERED**, this 12th day of September, 2006.

> */s/ Richard L. Hodge*
> RICHARD HODGE
> UNITED STATES MAGISTRATE JUDGE

lnb