IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHANCE EDWARD BLACK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 7:06-CV-75 (HL) |
| | : | |
| JAMES DONALD; JAMES CAMON; | : | |
| MOSES DANIELS; RUSSELL ZIRKLE; | : | |
| JOE CALLAGHAN; DELEESE COLLINS; | : | |
| JAMES AKINS; GAIL MURRAY; | : | |
| ARTIS CARTER, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| _____ | : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **CHANCE EDWARD BLACK,** presently incarcerated at the Robert L. Patten Probation Detention Center in Lakeland, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. §1983.

The Court previously ordered plaintiff to recast his complaint in compliance with Fed. R. Civ. P. 8. Additionally, the Court noted that plaintiff sought to sue defendants at the Robert L. Patten Probation Detention Center in Lakeland, Georgia and defendants at the Southwest Probation Detention Center in Moultrie, Georgia. The Court ordered plaintiff to decide which claims he wished to pursue in this action - those against officials at the Robert L. Patten Probation Detention Center or those against officials at the Southwest Probation Detention Center.

Plaintiff has filed a recast complaint naming only defendants employed at the Robert L. Patten Probation Detention Center. Unfortunately, for the most part, plaintiff has failed to provide anything more than conclusory allegations regarding many of these defendants. Because plaintiff is proceeding *pro se*, the Court will allow him one more opportunity to provide information to set

forth viable claims under 42 U.S.C. § 1983. Plaintiff is to answer the following questions only. Plaintiff is not to provide any information beyond what is requested in these questions. Furthermore, plaintiff is to answer these questions in the same format and sequence that they are asked and plaintiff is to limit his answers to no more than seven (7) pages total.

**1. CLAIM FOUR**

In claim four, plaintiff states that he has been denied books, magazines, and other publications. Exactly what books, magazines or publications did you request that were denied?

**2. CLAIM FIVE**

In claim five, plaintiff states that Lt. James Akins failed to ensure his safety by consenting and promoting acts of violence on December 20, 2005. How did he consent to and promote violence and what was the extent of your injuries, if any?

**3. CLAIM SEVEN**

How did James Camon "promote[] drug use" and how were you injured by this?

**4. CLAIM EIGHT**

Plaintiff states that "on 12/22-05 James Camon and Moses Daniels deny (sic) inmates religious expression, by ordering all inmates to attend a religious ceremony." What was the religious ceremony and did you have to attend it personally?

**5. CLAIM TEN**

In Claim Ten, plaintiff states as follows: "Commencing on October 19, 2005 and continuing through August 9, 2006, Russell Zirkle, James Camon, Moses Daniels, and James Akins commit (sic) acts of negligence, malice and other acts that are unreasonable and lacking good faith." What acts of malice did these individuals commit and how did these acts physically harm you?

**6. CLAIM ELEVEN**

In Claim Eleven, plaintiff states as follows: "Russell Zirkle, James Camon and Moses Daniels refuse inmate Black Due Process thus violating his constitutional rights." How exactly were your due process rights violated?

**7. CLAIM TWELVE**

In Claim Twelve, plaintiff states that "Russell Zirkle and Deleese Collins fail (sic) to protect inmate Black [on] 12-22-05 at 12:20 pm, and shortly thereafter." How did they fail to protect you and what injuries resulted?

**8. CLAIM THIRTEEN**

In Claim Thirteen, plaintiff states that "on 1-18-06 at 7:39 am, James Camon fails(sic) to protect inmate Black and denies due process." How did he fail to protect you and what injuries resulted? Also, how were your due process rights denied?

**9. CLAIM FOURTEEN**

In Claim Fourteen, plaintiff states that "[s]hortly before 12 Feb 2006, James Camon and Moses Daniels conspire (sic) and perform (sic) malicious acts of retaliation involving another inmate and his family against inmate Black." What was the nature of the retaliation?

**10. CLAIMS FIFTEEN, SIXTEEN, SEVENTEEN, EIGHTEEN**

All of these claims appear to deal with a "theft" on March 23, 2006. What was stolen and by whom?

**11. CLAIMS NINETEEN**

Again, plaintiff alleges a denial of due process on a certain date, May 2, 2006. However, plaintiff provides no other information. Plaintiff must explain how he believes his due process rights were denied.

**12. CLAIM TWENTY**

Plaintiff states that on May 17, 2006, Artis Carter failed to protect him. How did Artis Carter fail to protect you and how were you injured by such failure.

**13. CLAIM TWENTY-ONE**

Plaintiff states excessive force was used to "false[ly] imprison him." Plaintiff must describe what he means by the terms "excessive force" and "falsely imprison." In other words, what did James Camon do to you on the date alleged (May 25, 2006)?

**14. CLAIM TWENTY-TWO**

Plaintiff states that Moses Daniels denied him due process on May 26, 2006 at 2:10 am. How?

**15. CLAIM TWENTY-THREE**

Plaintiff states that "on 28 May 2006 cruel and unusual punishment begins for Detainee Baker per James Camon." The Court has no way of knowing about what plaintiff is referring. What cruel and unusual punishment happened to you on May 28, 2006?

**16. CLAIM TWENTY-FOUR**

Plaintiff states that Rusell Zirkle denied him due process on May 30, 2006 at 8:41 am. How?

**17. CLAIM TWENTY-FIVE**

Plaintiff states that James Camon denied him due process on May 30, 2006 at 2:30 pm. How?

**18. CLAIM TWENTY-SEVEN**

Plaintiff states that Artis Carter denied him due process on June 1, 2006 at 5:29 pm. How?

**19. CLAIM TWENTY-EIGHT**

Plaintiff states that on June 2, 2006 at 2:20 pm James Akins violated his due process rights.

How?

Plaintiff is informed that the conclusory allegations he made in his recast complaint do not state viable claims under 42 U.S.C. § 1983.  Plaintiff needs to answer the above questions in the same order as they appear and, when answering, must reference the claim numbers.

Plaintiff shall have until November 3, 2006 to submit a supplemental complaint.  If plaintiff fails to respond to this Order in a timely manner, this action shall be dismissed.  There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 17th day of October, 2006.

*Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb