IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CHANCE EDWARD BLACK, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 7:06-CV-75 (HL) |
| | : | |
| JAMES DONALD; JAMES CAMON; | : | |
| MOSES DANIELS; RUSSELL ZIRKLE; | : | |
| JOE CALLAGHAN; DELEESE COLLINS; | : | |
| JAMES AKINS; GAIL MURRAY; | : | |
| ARTIS CARTER, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| Defendants | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |
| | | RECOMMENDATION |

Plaintiff **CHANCE EDWARD BLACK**, an inmate at the Robert L. Patten Probation Detention Center in Lakeland, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court on August 14, 2006.

The Court previously ordered plaintiff to recast his complaint in compliance with Fed. R. Civ. P. 8. Additionally, the Court noted that plaintiff sought to sue defendants at the Robert L. Patten Probation Detention Center in Lakeland, Georgia and defendants at the Southwest Probation Detention Center in Moultrie, Georgia. The Court ordered plaintiff to decide which claims he wished to pursue in this action--those against officials at the Robert L. Patten Probation Detention Center or those against officials at the Southwest Probation Detention Center.

Plaintiff filed a recast complaint naming only defendants employed at the Robert L. Patten Probation Detention Center and the Commissioner of the Georgia Department of Corrections, James Donald. Unfortunately, for the most part, plaintiff failed to provide anything more than conclusory allegations regarding many of these defendants. The Court ordered plaintiff to supplement his

complaint. Plaintiff has now done so and the Court must conduct a frivolity review of the thirty-three (33) claims that plaintiff has set forth in his recast complaint and supplement.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  A claim is frivolous "where it lacks an arguable basis either in law or in fact."  **Neitzke v. Williams**, 490 U.S. 319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  **Scheuer v. Rhodes**, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

## II.  STATEMENT AND ANALYSIS OF PLAINTIFF'S VARIOUS CLAIMS

### A.  <u>CLAIM ONE: "SMOKE -FILLED ENVIRONMENT"</u>

Plaintiff states that the defendants have "failed to ensure the physical safety of the inmates by maintaining a smoke filled environment, inside the facility and dormitory."  "The treatment a prisoner receives in prison, along with the conditions under which the prisoner is confined, is governed by the Eighth Amendment, which prohibits cruel and unusual punishment."  **Miller v.**

*King*, 384 F.3d 1248, 1260 (11th Cir. ).  However, the prison condition being challenged must be extreme and it must pose "an unreasonable risk of serious damage to his future health." *Id*. at 1261.  Plaintiff's claim that the facility and dormitory at the Robert L. Patten Probation Detention Center is not smoke-free is far too vague and speculative to sufficiently state a claim that under the Eighth Amendment.  Plaintiff has not stated how, if at all, he has suffered due to such exposure.

Therefore, the Undersigned **RECOMMENDS** that plaintiff's claim regarding second-hand smoke be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### B.  CLAIM TWO: HIGH PRICES AT THE COMMISSARY

Plaintiff alleges that James Camon is abusing the inmates at the Robert L. Patten Probation Detention Center by charging too much for items sold in the commissary.  Plaintiff states that "the commissary items are marked up to exceed, profusely, the (40%) forty percent allowed."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a state official's action or inaction deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  The United States Constitution does not guarantee fair prices at the commissary.  Therefore, regardless of the mark-up, plaintiff does not have a cause of action under § 1983 regarding the prices charged at the commissary.

Therefore, the Undersigned **RECOMMENDS** that plaintiff's claim regarding high prices at the commissary regarding second-hand smoke be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### C. CLAIM THREE: RUSSELL ZIEKLE'S THREAT ON NOVEMBER 25, 2005; CLAIM SIX: MOSES DANIELS' THREAT ON DECEMBER 21, 2005; AND CLAIM TWENTY: ARTIS CARTER'S THREAT ON MAY 17, 2006

Plaintiff states that on November 25, 2005, Russell Zirkle threatened and conspired to injure him. Additionally, plaintiff states that on "12-21-06 (sic) at 7:15 am Moses Daniels exhibits excessive use of force by issuing threats of violence to [him]." Finally, plaintiff alleges that Artis Carter "issued threats of violence of physical harm" on May 17, 2006.

Allegations of threats by prison officials are not actionable under 28 U.S.C. § 1983. *Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982). Furthermore, plaintiff has not stated that Mr. Zirkle, Moses Daniels, or Artis Carter physically injured him in any way. Plaintiff simply states that "emotional distress was my injury." 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff has not alleged a physical injury in relation to these threats. Therefore, these claims may not go forward under 42 U.S.C. § 1983.

The Undersigned **RECOMMENDS** that plaintiff's claim regarding threats of violence be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### D. CLAIM FIVE: JAMES AKINS' PROMOTION OF VIOLENCE ON DECEMBER 25, 2005

Plaintiff states that Lt. James Akins, on December 20, 2005, consented to and promoted

violence by stating that the inmates should "act like [they are] in prison, [and] beat someone's ass." Plaintiff states that his only injuries "consisted of exposure to a hostile environment and severe emotional distress." As explained above, no federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). Plaintiff has not alleged a physical injury in relation to claim five. Therefore, this claim may not go forward.

The Undersigned **RECOMMENDS** that plaintiff's claim regarding the December 20, 2005 promotion of violence by Lt. James Akins be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### E. CLAIM SEVEN: JAME'S CAMON'S PROMOTION OF DRUG USE

Plaintiff states that James Camon promoted drug use by allowing an inmate to consume an illegal drug in the presence of other inmates. According to plaintiff, the "bystanders" were subjected to "dangerous second-hand smoke." Plaintiff does not allege that he was injured by such activity. In fact, plaintiff does not even maintain that he was one of the "bystanders" and, if he was, why he could not just walk away from the particular area where the inmate was smoking the drug in order to avoid the "dangerous second-hand smoke."

Therefore, the Undersigned **RECOMMENDS** that plaintiff's claim regarding James Camon's promotion of drug abuse be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

F.  CLAIM TEN: PLAINTIFF'S ALLEGATION THAT "RUSSELL ZIRKLE, JAMES CAMON, MOSES DANIELS, AND JAMES AKINS COMMIT ACTS OF NEGLIGENCE AND MALICE" ; AND CLAIM THIRTY-THREE:  JOE CALLAGHAN IS NEGLIGENT BY FAILING TO PROVIDE REHABILITATIVE PROGRAMS

In his recast complaint, plaintiff stated as follows in claim ten: "Commencing 10-19-05 and continuing through 8-9-06 Russell Zirkle, James Camon, Moses Daniels, and James Akins commit (sic) acts of negligence, malice, and other acts that are unreasonable and lacking good faith."  In its Order to Supplement, the Court ordered plaintiff to explain what acts had been committed and how he was physically injured by such acts.

In his supplement, plaintiff explains that he was denied unspecified personal property and that the named defendants (including Joe Callaghan named in claim thirty-three) have failed to establish rehabilitative programs designed to help the inmates.

These allegations are far to general to state  constitutional violations.  Even if these defendants have refused (either out of mere negligence or with more malicious motive) to start programs and provide personal property that might help the "inmate population," such would not amount to a violation of the plaintiff's constitutional rights.  The Constitution does not mandate comfortable prisons (or probation centers); nor does it mandate that these facilities provide every amenity that one might find desirable.  ***Rhodes v. Chapman***, 452 U.S, 337, 349 (1981).  All that is required is that prisons or probation centers be humane.  ***Farmer v. Brennan***, 511 U.S. 825 (1994) Prisoners must be provided only with the basic necessities of life; i.e. food, clothing, shelter, and medical care.  ***Hudson v. McMillan***, 503 U.S. 1 (1992); ***Hudson v. Palmer***, 468 U.S. 517 (1984).

In this claim, plaintiff also restates his general allegations contained in claim one and claim two regarding the second-hand smoke and high prices at the commissary.  For reasons explained

above, these claims are frivolous.[1]

Therefore, the Undersigned **RECOMMENDS** that these allegations against Russell Zirlke, James Camon, Moses Daniels, James Akins, and Joe Callaghan contained in claim ten and claim thirty-three be dismissed. Additionally, it appears that this is the only claim in which Joe Callaghan appears as a defendant. Therefore, the Undersigned **RECOMMENDS** that Joe Callaghan be dismissed as well.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

G. CLAIM ELEVEN: LACK OF DUE PROCESS; AND CLAIMS TWENTY AND TWENTY SEVEN: ARTIS CARTER'S REFUSAL TO FORWARD ADMINISTRATIVE GRIEVANCES

Plaintiff alleges that his due process rights were violated when Russel Zirkle, James Camon and Moses Daniels purposefully ignored the administrative grievance procedures. Plaintiff also states in claims twenty and twenty-seven that Artis Carter refused to forward administrative grievances.

The Eleventh Circuit has held that a plaintiff has no constitutional right to participate in prison grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials' failure to process a grievance, respond to a grievance, or following any established administrative grievance procedures is not actionable under 28 U.S.C. § 1983.

---

[1]Plaintiff also restates his allegations contained in claim nine regarding the assault by James Akins. In claim ten, however, plaintiff also explains that he requested help from Russell Zirkle following the assault and Mr. Zirkle only found "humor in Lt. Akins' actions." The Court has included this allegation in its Order and has allowed this claim against Mr. Zirkle to go forward.

Therefore, the Undersigned **RECOMMENDS** that claims eleven, twenty, and twenty-seven be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### H.  CLAIM FOURTEEN: DISCIPLINARY REPORT

Plaintiff states that in February 2006, James Camon and Moses Daniels "conspired with another inmate to fabricate an illegal event." Plaintiff states that this "fabrication led to a disciplinary report against [him]." Plaintiff states that the allegations listed on the disciplinary report were shown to be false, but "policy and procedures were ignored."

Even if "policy and procedures were ignored" and false testimony and evidence resulted in plaintiff receiving a disciplinary report, this does not amount to a violation of the Constitution. In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Supreme Court found that a prisoner can be deprived of his liberty so as to be entitled to due process under the Constitution in two circumstances: (1) when the condition is so severe that it essentially exceeds the sentence imposed by the court; and (2) when the state has conferred a certain benefit on prisoners by statute or administrative policy and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*; *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

Here, plaintiff states that policy and procedure were not followed and fabrications resulted in his receiving a disciplinary report. Such does not amount to an "atypical and significant hardship" imposed on him in relation to the "ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Thus, in subjecting plaintiff to this penalty, prison officials did not deprive him of a

constitutional liberty interest that had the effect of entitling him to due process procedures at any disciplinary hearing. As no "atypical and significant hardship was imposed on him" he cannot invoke the procedural due process protections of the Fourteenth Amendment to the United States Constitution.

Therefore, the Undersigned **RECOMMENDS** that claim fourteen be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

<u>I. CLAIMS FIFTEEN, SIXTEEN, SEVENTEEN, AND EIGHTEEN: THEFT OF $129.00</u>

In these claims, plaintiff states that on March 23, 2006, Gail Murray, the Business Manager at Robert L. Patten Probation Detention Center, stole money from him in the amount of $119.00 and $10.00. Plaintiff alleges that James Camon conspired with Ms. Murray or otherwise instructed her to "steal" the money. Plaintiff also states that Deleese Collins was aware of this "robbery," yet she failed to assist plaintiff.

In ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available."

Plaintiff does not allege his money was taken in accordance with established policy. To the contrary, plaintiff claims that defendants committed acts of "robbery" or "larceny" when they took his money.

Additionally, Georgia has a post-deprivation remedy for the loss of personal property. *See* O.C.G.A. § 51-10-1. "This statutory provision covers the unauthorized seizure of personal property

by police officials.  Therefore, the state has provided an adequate post-deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987) (citations omitted).  Because plaintiff has an adequate post-deprivation remedy in state court, there has been no due process violation.

Therefore, the Undersigned **RECOMMENDS** that claims fifteen, sixteen, seventeen, and eighteen be dismissed.  Additionally, it appears that these are the only claims in which Gail Murray and Deleese Collins appear as defendants.  Therefore, the Undersigned **RECOMMENDS** that Gail Murray and Deleese Collins be dismissed as well.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### J.  CLAIM TWENTY-ONE: VERBAL ABUSE

Plaintiff states that on May 25, 2006, James Camon "wield[ed] extortionate and racial verbage directed at [him]." This allegation simply is not serious enough to implicate the Constitution.  Mere verbal abuse and harassment do not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the law.  ***See Stacey v. Ford***, 554 F. Supp. (N.D. Ga. 1982); ***DeWalt v. Carter***, 224 F.3d 607 (7th Cir. 1999)(explaining that "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution").

Therefore, the Undersigned **RECOMMENDS** that claim twenty-onec be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this Order.

### K. CLAIMS TWENTY-TWO, TWENTY-THREE AND TWENTY-FIVE: SEGREGATION FOR EIGHT DAYS WITHOUT DUE PROCESS AND UNDER CONDITIONS THAT WERE CRUEL AND UNUSUAL; AND CLAIM TWENTY-FOUR: ROGER ZIRKLE'S FAILURE TO RELEASE PLAINTIFF FROM SEGREGATION;

Plaintiff seems to state that James Camon and Moses Daniel denied him due process when they fabricated stories and refused to follow established procedure before placing him in a segregation cell. Plaintiff states that he had to stay in segregation for eight (8) days without a hearing. Additionally, plaintiff states that Roger Zirkle refused to help him get out of segregation.

The mere fact that plaintiff was placed in segregation for eight (8) days prior to a hearing does not establish a violation of the Constitution for the reasons explained above in relation to claim fourteen. Specifically, in *Sandin v. Connor*, 515 U.S. 472 (1995), the inmate received a thirty (30) day sentence in administrative segregation, which the Court found was not an "atypical and significant hardship" on the inmate. *Id*. at 484. Therefore, the inmate was not entitled to due process under the Constitution.

In this case, plaintiff states that he had to spend eight (8) days in segregation without a hearing. Under *Sandin*,, this is not an "atypical and significant hardship." Therefore, in subjecting plaintiff to this penalty, prison officials did not deprive him of a constitutional liberty interest that had the effect of entitling him to due process procedures at a pre-segregation hearing.

Plaintiff also states that prison officials are guilty of "cruel and unusual punishment" because he was denied shower privileges and officials failed to "promptly" repair a toilet. To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive rick to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries." *Marsh v.*

*Butler County, Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001).

Neither of these allegations (lack of a shower and failure to "promptly repair a toilet"), viewed alone or in the aggregate, are "sufficiently serious" enough to implicate the Constitution. Moreover, although plaintiff makes repeated allegations of emotional injuries, he has not shown that he has been physically injured in any way from the above-mentioned alleged deprivations.

For these reasons, the Undersigned **RECOMMENDS** that claims twenty-two, twenty-three, and twenty-four be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### L.  CLAIM TWENTY-SIX: ACCESS TO COURTS

Plaintiff simply states that during his time in segregation (presumably the eight (8) days mentioned above) he was denied access to the courts.  Such a conclusory allegation does not set forth a viable claim under 42 U.S.C. § 1983.  In order to state a cognizable claim of denial of access to the courts, plaintiff must show that he suffered an actual injury.  *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  To prove actual injury, the prisoner must "demonstrate that the alleged [inadequacies] . . . hindered his efforts to pursue a legal claim."  *Id.* at 351.  Plaintiff has not shown any injury due to his alleged lack of access to courts during his eight (8) days in segregation.

Therefore, the Undersigned **RECOMMENDS** that claim twenty-sixbe dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### M.  CLAIM TWENTY-EIGHT: DENIAL OF DUE PROCESS ON JUNE 2, 2006.

Plaintiff states that on June 2, 2006, James Akins, acting as Disciplinary Hearing Officer,

denied him due process, when he would not allow witnesses and statements favorable to plaintiff. Plaintiff also states that Mr. Akins threatened him following the hearing.

In this claim, plaintiff is presumably referring to the hearing that took place after his eight (8) day segregation. As explained above, under *Sandin*, plaintiff was not entitled to due process in any hearing regarding this segregation. Moreover, even assuming plaintiff was entitled to the minimum requirements of due process, he has not suffered a procedural deprivation simply because he was not allowed to call witnesses.

The Supreme Court has held that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, the discretion whether to allow an inmate to call a witness and confront or cross examine the witness is left up to prison officials. *Id*. at 567; *See also Baxter v. Palmigiano*, 425 U.S. 308 (1976); *Young v. Jones*, 37 F.3d 1457, 1460 (11th Cir. 1994)(explaining that courts are "reluctant to review the judgments of prison administrators and . . . prison disciplinary proceedings do not require the 'full panoply of rights' due a defendant in a criminal proceeding . . . . Consequently, there is no constitutional right of cross-examination and confrontation of witnesses in a prison disciplinary hearing.")

Unless there is some evidence that prison officials abused their discretion, their decisions in this area should be upheld. *Wolff*, 418 U.S. at 569. Plaintiff has made the most general of allegations in this lengthy and rambling re-cast complaint and supplement. He has given this Court no reason to believe that officials abused their discretion. Morever, as pointed out above, plaintiff simply had no entitlement to due process if this disciplinary hearing was in relation to the eight day segregation.

In relation to plaintiff's claim that James Akins threatened him following the hearing, as explained above, claims of threats by prison officials are not actionable under 42 U.S.C. § 1983. *Stacey v. Ford*, 554 F. Supp. 8 (N.D. Ga. 1982).

Therefore, the Undersigned **RECOMMENDS** that claim twenty-eight be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### N.  CLAIMS TWENTY-NINE AND THIRTY-ONE: DISCRIMINATION

Plaintiff simply states that "[d]iscrimination is rampant.  Inmates of color are compensated by James Camon on 7-31-06."  Bald assertions that a defendant is violating the Equal Protection clause, without any facts to back up such assertions, will not support a §1983 claim.  *See Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (11th Cir.1986) (finding that inmate must establish that he is similarly situated to another who has received the desired treatment and that he has been invidiously discriminated against on the basis of a constitutionally protected interest).

Therefore, the Undersigned **RECOMMENDS** that claims twenty-nine and thirty-one be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### O.  CLAIM THIRTY: EXPOSURE TO DANGER AND DISEASE

Plaintiff states as follows: "A constant exposure to danger, disease, violence, and congestion of mental cases is superflous (sic)."  Plaintiff does not state that he has been injured by such exposure; beyond the many emotional injuries alleged in the re-cast complaint and supplement.

Therefore, as explained above, his claim is barred by 42 U.S.C. § 1997e(e).

Therefore, the Undersigned **RECOMMENDS** that claim thirty be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### P.  CLAIM THIRTY-TWO: OFFICIAL OPPRESSION

Plaintiff states as follows: "Official oppression by Joe Callaghan, James Camon, Moses Daniels, and Russell Zirkle continues." This is far too general an allegation to state a claim under 42 U.S.C. § 1983.

Therefore, the Undersigned **RECOMMENDS** that Claim thirty-two be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### Q.  JAMES DONALD

Plaintiff has named James Donald, Commissioner of the Georgia Department of Corrections, as a defendant in this action. However, he has made no allegations against Mr. Donald in the body of his lengthy re-cast complaint and supplement or in any way linked Mr. Donald to his many allegations. The Undersigned can only assume that plaintiff has named James Donald because Mr. Donald is the Commissioner of the Georgia Department of Corrections.

However, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show

that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990), *cert. denied*, 500 U.S. 933 (1991).

Plaintiff does not allege that James Donald was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold James Donald responsible for the plaintiff's alleged constitutional deprivations.

Therefore, the Undersigned **RECOMMENDS** that James Donald be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED,** this 14th day of November, 2006.

> *Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE

lnb