IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION


CHANCE EDWARD BLACK,                      :
                                          :
   Plaintiff,                             :
                                          :
vs.                                       :   Civil Action File No.
                                          :   **7:06-CV-75 (HL)**
JAMES CAMMON, Superintendent, et. al,     :
                                          :
   Defendants.                            :
                                          :

_____

## RECOMMENDATION

   Presently pending in this *pro se* 42 U.S.C. §1983 action are defendants' motion to dismiss

defendant Artis Carter (doc. 23) and their motion to strike plaintiff's amended complaint (doc.

29).

   On or about August 11, 2006, plaintiff, at the time an inmate at the Robert L. Patten Probation

Detention Center, filed his initial § 1983 complaint in this action. Due to the length of the initial

complaint, and the fact that the unrelated claims involved two different institutions of

confinement, the undersigned ordered the plaintiff to recast his complaint. On October 13, 2006,

plaintiff filed his Recast Complaint, naming as defendants only those officials employed at the

Robert L. Patten Probation Detention Center. However, because many of plaintiff's allegations

were only conclusory, the undersigned ordered the plaintiff to respond to specific questions as

outlined by the undersigned  in order to clarify his complaint. The district judge to whom this

case is assigned subsequently adopted the undersigned's recommendation to dismiss many of

plaintiff's allegations, and determined that only the following claims would survive the initial

frivolity review:

(1) Claim four: Denial of books, magazines and other publications;

(2) Claim eight: James Cammon, Moses Daniels and Artis Carter forced plaintiff to attend a religious ceremony;

(3) Claims nine and twelve: Assault by James Akins and notification of Roger Zirkle and James CAMMON; and

(4) Claim nineteen: Retaliation for filing grievances by Moses Daniels.

### 1. *Motion to Dismiss Defendant Carter (doc. 23)*

Defendant Artis Carter files this motion to dismiss this case against him under Rule 12(b)(6) for failure to state a claim. Defendant Carter contends that the allegations against Carter do not state a claim. Plaintiff alleges that Carter participated in the religious ceremony of which plaintiff complains, but does not allege that Carter forced plaintiff to participate in the religious ceremony. Plaintiff states as to claim eight only that "On 12-22-05, James Camon and Moses Daniels deny [sic] inmates religious expression, by ordering all inmates to attend a religious ceremony." (Pl. Recast Complaint, p. 6). Further, plaintiff's Supplement to his Recast complaint, as filed on November 11, 2006, likewise makes no mention of Defendant Carter playing any role in the allegations of forcing plaintiff to attend the religious ceremony, but only mentions him as participating in the event itself-- "The religions [sic] ceremony was held outdoors on the recreation yard's basketball court. Mr. Artis Carter emceed, a pastor from North Georgia provided a sermon and Mr. James Camon preached a message attempting to persuade all inmates to accept Christ as their Savior. Yes, I was ordered to attend the ceremony by Mr. James Camon and Mr. Moses Daniels." (Pl. Supplement to Recast Complaint, p. 2; Emphasis added).

In his response to this motion, plaintiff states that defendant Carter is liable to plaintiff

because he participated in the religious service, failed to prevent the violation of plaintiff's constitutional rights, and should have known better than to participate in the religious ceremony. (Doc. 26).

The undersigned finds that this does not state a claim against defendant Carter. Participation in the event, with no allegation that Carter forced plaintiff to sit through the religious ceremony, is too tenuous an allegation to justify keeping Carter as a defendant in this action.

Therefore, it is the RECOMMENDATION of the undersigned that defendant Carter's motion to dismiss be **GRANTED**, and that Carter be dismissed from this action.

## 2. *Motion to Strike Amended Complaint (doc. 28)*

Defendants also move to strike plaintiff's amended complaint.

The undersigned granted defendants' motion for a more definite statement by order dated July 12, 2007, and ordered plaintiff to file a new recast complaint within twenty days of that date. Plaintiff filed a new complaint on August 8, 2007. Defendants now move to strike the complaint as it was late and because plaintiff did not number his allegations separately pursuant to Rule 10 of the Federal Rules of Civil Procedure, but did attach his original complaint to this recast complaint.

The undersigned has reviewed the recast complaint at docket 28, and finds it acceptable. While it was late by some 8 days, the undersigned does not find it necessary to strike the recast complaint in an effort to afford the plaintiff, who is *pro se*, and opportunity to adequately present this case on its merits. Therefore, it is the RECOMMENDATION of the undersigned that defendants' motion to strike be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of January,  2008.


//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd