# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| CHANCE EDWARD BLACK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:06-cv-75 (HL) |
| JAMES CAMON, et al., | : |
| Defendants. | : |

# ORDER

This matter is on the trial calendar beginning the week of June 9, 2008, and is scheduled for a pretrial conference on May 21, 2008. On, May 8, 2008, after receiving notice of the scheduling of this matter for trial, Counsel for Defendant Moses Daniels filed a Suggestion of Death of Defendant (Doc. 38). Daniels died on October 25, 2007, more than six months ago. Additionally, on May 8, 2008, counsel for Defendant Russell Zirkle filed a Motion for Stay of Proceedings Under the Soldier's and Sailor's Civil Relief Act (Doc. 36). According to the papers attached to the Motion, Zirkle was scheduled for deployment on November 7, 2007, more than five months ago. On May 15, 2008, counsel for Defendants Zirkle, James Camon, and James Lewis filed a Motion for Summary Judgment (Doc. 41), contending that, as to Plaintiff's claim that he was assaulted by Defendant Akins on December 22, 2005, Plaintiff failed to exhaust his administrative remedies. After review of these filings, the Court directs as follows.

1. **Motion for Stay of Proceedings Under the Soldier's and Sailor's Civil Relief Act.**

The Service Members Civil Relief Act, 50 U.S.C.A. app. §§ 501 to 596, known until 2003 as the Soldier's and Sailor's Civil Relief Act, 50 U.S.C.A. app. § 501 (West Supp. 2007), provides for the suspension of legal proceedings involving persons in military service when necessary to avoid prejudice to their civil rights. 50 U.S.C.A. app. § 510 (West 1990). Specifically, the Act allows for a stay of any civil action in which a service member is a party if certain conditions are met. To satisfy the conditions under which a stay may be granted, an application for stay must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C.A. app. § 522(b)(2) (West Supp. 2007).

It is clear that courts have not just the right, but an obligation to protect the civil rights of those service members whose rights might otherwise be prejudiced as a result of their military service. It is equally clear, however, that the service member has an obligation to demonstrate for the court the manner in which his military duty affects his ability to appear in a civil proceeding, and for how long, and to otherwise satisfy the court that his rights will be prejudiced in the absence of a stay. In the

2

Court's view, Defendant Zirkle has failed to make the showing necessary to warrant a stay under the Service Members Relief Act.

In support of the Motion for Stay, counsel for Defendant Zirkle has attached Defendant Zirkle's active duty orders dated November 7, 2007. These orders show that Zirkle was to report on November 20, 2007, for a period of active duty of 365 days, apparently for duty overseas. However, counsel has made no effort to put on the record confirmation from the appropriate military official that Defendant Zirkle was, in fact, deployed overseas, as suggested by his active duty orders, and that he continues to be overseas, thereby making him unavailable for the current term of court. In the absence of the showing required by the Service Members Relief Act, the Court denies the Motion to Stay, with leave to refile the same with the appropriate evidentiary showing.

**2.    Defendants' Motion for Summary Judgment**

Plaintiff's complaint, as supplemented by order of the Court, was ordered served on Defendants on November 14, 2006. Following service, Defendants filed several motions with the Court,[1] but only after receiving the Court's notice of pretrial did they file the Motion for Summary Judgment now at issue. The incident which is the subject of the Motion was made a part of Plaintiff's original complaint filed on August 11, 2006 (Compl., Ex. 1 at 7), and, therefore, the issue of exhaustion could

---

[1] Motion for More Definite Statement (Doc. 20) was filed on January 16, 2007; Motion to Dismiss Party (Doc. 23) was filed on March 26, 2007; Motion to Strike Amended Complaint (Doc. 29) was filed on August 15, 2007.

3

have been raised at any time after service of the complaint. Thus, this Court finds it necessary to address whether Defendants' Motion for Summary Judgment on the issue of exhaustion should be permitted by the Court at this late date.

As Defendants correctly note in their Motion for Summary Judgment, pursuant to 42 U.S.C.A. § 1997e, a prisoner may not bring a suit with respect to prison conditions until such administrative remedies as are available to him have been exhausted. 42 U.S.C.A. § 1997e(a) (West 2003). However, failure to exhaust is not a jurisdictional requirement, but an affirmative defense that must be raised by the defendant at the appropriate time. Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 922 (2007). As a result, a defendant may waive the right to challenge the exhaustion requirement.

Although it has taken more than 20 months since Plaintiff first filed his claim to get the question of exhaustion before the Court, the Court finds that Defendants have not waived the right to bring a challenge as to the issue of whether Plaintiff has exhausted his administrative remedies. The first time an answer was filed by Defendants was March 3, 2008, at which time Defendants raised failure to exhaust as the Ninth Defense. Therefore, the Court finds it appropriate to allow Defendants to raise the issue in a motion for summary judgment.

3.  **Suggestion of Death; Continuance from the Trial Calendar**

The Court is not happy with the way this case has progressed. Counsel for

Defendants waited nearly 20 months before putting the question of exhaustion of administrative remedies before the Court. Counsel waited six months to file a Suggestion of Death as to Defendant Daniels. Pursuant to Federal Rule of Civil Procedure 25(a), if the claim is not extinguished by the death of the party, any party may move within 90 days to substitute a party. A prompt filing would have resolved the issue of substitution months ago; now the case must be delayed as much as 90 days while the issue of substitution is resolved. Additionally, the question of Defendant Zirkle's military status is unresolved

Given that the issues of substitution and Defendant Zirkle's military status must be resolved, and there is now a motion for summary judgment pending, albeit as to one claim, this matter cannot go to trial in June. Therefore, this case is continued from the June 9, 2008, Valdosta term of court, and the pretrial conference scheduled for Wednesday, May 21, 2008, is cancelled. This matter is hereby recommitted to the Magistrate Judge.

**SO ORDERED**, this the 19th day of May, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON**

mls