IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHANCE EDWARD BLACK,                :
                                                     :

   Plaintiff,                          :

                                                     :

vs.                                      :  Civil Action File No.
                                                 :  **7:06-CV-75 (HL)**

JAMES CAMMON, Superintendent, et. al,   :

                                                     :

   Defendants.                      :

                                                 :

———————————————————————

## RECOMMENDATION

Presently pending in this *pro se* 42 U.S.C. §1983 action are defendants' motion for summary judgment as to plaintiff's claim of assault. (Doc. 41).

On or about August 11, 2006, plaintiff, at the time an inmate at the Robert L. Patten Probation Detention Center, filed his initial § 1983 complaint in this action. Due to the length of the initial complaint, and the fact that the unrelated claims involved two different institutions of confinement, the undersigned ordered the plaintiff to recast his complaint. On October 13, 2006, plaintiff filed his Recast Complaint, naming as defendants only those officials employed at the Robert L. Patten Probation Detention Center. However, because many of plaintiff's allegations were only conclusory, the undersigned ordered the plaintiff to respond to specific questions as outlined by the undersigned  in order to clarify his complaint. The district judge to whom this case is assigned subsequently adopted the undersigned's recommendation to dismiss many of plaintiff's allegations, and determined that only the following claims would survive the initial frivolity review:

(1) Claim four: Denial of books, magazines and other publications;

(2) Claim eight: James Cammon, Moses Daniels and Artis Carter forced plaintiff to attend

a religious ceremony;

(3) Claims nine and twelve: Assault by James Akins and notification of Roger Zirkle and

James Cammon; and

(4) Claim nineteen: Retaliation for filing grievances by Moses Daniels.

This motion for summary judgment deals only with the claim of assault by defendant James

Akins and the notification of defendants Zirkle and Cammon.

Plaintiff states that on December 22, 2005, he was assaulted by Defendant Lieutenant Akins.

(Doc. #28, p. 6). Specifically, the Plaintiff claims that "an object, thrown by Lieutenant Akins,

was in flight and struck [Plaintiff] in the head. After the assault, Lieutenant Akins blurted to

[Plaintiff], 'Do not write me no more, go back in the dorm!'." (Doc. #28, p. 6). Plaintiff states

that this assault was observed by two other officers, Officer Cole and Sergeant Lewis. (Doc. #28,

p. 6). Plaintiff states that he informed Defendant Zirkle, who took no action. (Doc. #28, p. 6).

Plaintiff also states that he filed a grievance about this alleged assault, grievance no. 374-

06-009, and Defendant Superintendent Cammon found that "with the Lieutenant's admission of

throwing...the grievance is accepted and he would resolve the issue and reprimand Lieutenant

Akins." (Doc. #28, p. 7).

Defendants assert that the object in question was a piece of paper; that plaintiff was not

injured in any way during the incident; and that Lt. Akins was reprimanded for the incident.

Defendants assert that plaintiff accepted the solution given by defendant Cammon and failed to

pursue his grievance any further, thereby failing to exhaust his administrative remedies.[1]

Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under

any federal law until the prisoner has exhausted all "administrative remedies as are available," as

follows:

> No action shall be brought with respect to prison conditions under section 1983 of
> this title, or any other Federal law, by a prisoner confined in any jail, prison or
> other correctional facility until such administrative  remedies as are available are
> exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

"That provision plainly requires that administrative remedies be exhausted *before* the filing

of suit, rather than while the action is pending."  Wendell v. Asher, 162 F.3d 887, 890 (5th Cir.

1998) (emphasis in original).   Exhaustion of administrative remedies is a precondition to the

filing of a §1983 suit in federal district court. Leal v. Ga. Dep't of Corr .,  254 F.3d 1276, 1279

(11th Cir.2001) (per curiam).  See also Lyons v. Serrano, 205 Fed. Appx. 719, (11th Cir. 2006).

Within the Georgia Department of Corrections, inmates have a administrative grievance

process available to inmates housed in detention centers, whereby an inmate can bring forth any

complaints against any officer/staff member or any other complaint whatsoever, including but

not

limited to any complaint regarding assault. A copy of such administrative grievance process for a

probation detention center is outlined in Standard Operating Procedure Policy IIE06-0001. (Doc.

---

[1]Defendants assert entitlement to summary judgment on this issue through other theories; however, the undersigned has only addressed the issue regarding failure to exhaust administrative remedies.  In the event that the district judge to whom this case is assigned rejects the instant recommendation, the undersigned will then address the other theories under which defendants assert they are entitled to summary judgment.

42 Exhibit B; See also Exhibit A, para 3 and Exhibit E, para 3, attesting to the authenticity of

same.)  Such administrative grievance process requires the inmate to obtain a grievance form

from the inmate's grievance coordinator, which coordinator will attempt to resolve the inmate's

complaint. (Doc. 42 Exhibit B; Exhibit A, para 4; Exhibit E, para 4). If the grievance coordinator

is unable to resolve the inmate's compliant, the second step in the administrative grievance

process requires that the Superintendent of the facility investigate the inmate's complaint and

respond to same. (Doc. 42 Exhibit B; Exhibit A, para 4-5; Exhibit E, para 4). If the inmate is

satisfied with the Superintendent's response, then no further action is taken. If the inmate is not

satisfied, then the inmate must appeal the grievance to the third and final administrative level,

the Director of Facilities Operations, which office will investigate and make the final

administrative

ruling on any inmate complaint. (Doc. 42 Exhibit B; Exhibit A, para 4-5; Exhibit E, para 4).

Thus, an inmate has exhausted his administrative remedies when his complaint has been finally

ruled upon by the Director of Facilities Operations.

An affidavit from Defendant Superintendent Camon states that Defendant Camon thoroughly

investigated such grievance, which investigation included interviewing all witnesses named by

the inmate, as well as an interview of Defendant Akins. (Doc. 42 Exhibit A, para 7). During such

investigation, Defendant Akins admitted that he had thrown a piece of paper in the plaintiff's

direction; however, Defendant Camon's investigation found no evidence that the plaintiff was

injured as a result thereof.  (Doc. 42 Exhibit A, para 7). Based on the investigation, Defendant

Superintendent Camon issued a Letter of Instruction to Defendant Akins, noting that such

behavior was unprofessional and reminding him of his duties. (Doc. 42 Exhibit A, para 6-7;

Exhibit D).

Plaintiff accepted the Defendant Superintendent's response to grievance no. 374-06-009 concerning the alleged assault by Defendant Akins. (Doc. 42 Exhibit C, marked "Accepted" by inmate; See also Exhibit A, para 8). The Plaintiff did not appeal such grievance to the office of the Director of Facilities Operations, the final administrative appeals level, and therefore failed to exhaust his administrative remedies as to this particular allegation. The Plaintiff's failure to appeal this grievance to the final administrative level indicates Plaintiff's acceptance of the Superintendent's response to same.

Plaintiff has filed a response to the motion for summary judgment (doc. 54) contending that he requested several interview request forms on December 21 and December 22, 2005 from (now deceased) defendant Daniels to no avail.  However, those dates are the day before and the day of the alleged assault by defendant Akins.  Plaintiff also contends that several of the documents submitted by defendants in support of their motion are fraudulent and therefore void.

The undersigned finds the arguments submitted by plaintiff that he fully exhausted unpersuasive in light of the affidavits and other documentation submitted by defendants.  The clear mandate of  Alexander v. Hawk is that a  prisoner must exhaust the remedies available under an administrative remedy program before filing an action such as this.

 Therefore, it is the RECOMMENDATION of the undersigned that defendants' motion for summary judgment as to the issue of the assault upon plaintiff by Akins and the alleged failure of Zirkle and Cammon to respond appropriately be **GRANTED** as plaintiff has failed to exhaust his administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN

(10) DAYS of receipt thereof.


**SO RECOMMENDED**, this 7th  day of January,  2009.



//S Richard L. Hodge

RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd